UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CRAWFORD,

        Petitioner,

v.                                            Case Number: 09-CV-10055
                                              Honorable Nancy G. Edmunds

MICHAEL A. COX, et. al.

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Kenneth Crawford, a state inmate, currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1975 convictions for (1) first-degree murder, MICH. COMP. LAWS § 750.316, and, (2) assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84. Petitioner was sentenced life imprisonment for those convictions. He has filed two previous habeas petitions, challenging the same convictions and sentences, which were both transferred to the Sixth Circuit as successive habeas petitions. *Crawford v. Wayne County Prosecutor, et. al.*, No. 08-12060 (E.D. Mich. May 23, 2008) (Rosen, J.); *Crawford v. Robinson*, No. 00-74307 (E.D. Mich. Apr. 20, 2001) (Roberts, J.). For the reasons set forth below, the Court concludes that it must also transfer this case to the Sixth Circuit, as a successive petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a

"second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Here, as stated above, Petitioner filed prior habeas-corpus petitions challenging the same convictions at issue in this case. This is Petitioner's third petition. Petitioner has not obtained appellate authorization to file this subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**ACCORDINGLY**, **IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims*, 111 F.3d at 47 ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

**IT IS SO ORDERED**.


          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: January 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2009, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer
          Case Manager